IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM O'KANE, SYNERGY SOURCE, LLC, and AZKARTA CREST CORPORATION., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-2728 |
| VERLEY SEMBRITZKY, JR., a/k/a ROCKY SEMBRITZKY, *et al*., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

William O'Kane, Synergy Source, LLC, and Azkarta Crest Corporation have moved for partial summary judgment against Malcolm Morris, as trustee of the Malcolm Morris Roth IRA, and Quest IRA Inc., as trustee of the Carolyn Mene Roth IRA. The plaintiffs seek a declaratory judgment that the plaintiffs have a superior interest to the trustees in a condominium at 2727 Kirby Drive in Houston. (Docket Entry No. 103). The trustees responded, and the plaintiffs replied. (Docket Entry Nos. 106, 109).

Based on the motion, response, and reply; the record evidence; and the applicable law, the court denies the plaintiffs' motion for partial summary judgment. (Docket Entry No. 103). The reasons for this ruling are detailed below.

**I.    Background**

The plaintiffs allege that in late 2015, Verley Sembritzky gave O'Kane, Synergy, and Azkarta each a Regulation D, Rule 506 Private Placement Letter. (Docket Entry No. 38 at ¶¶ 20–21). The Letters stated that Sembritzky was authorized to sell 1,000 shares of Rasli Bahari Kenya

Limited stock for $175.5 million. (*Id.* at ¶ 22). This common stock sold at $175,500 per share. (*Id.*). The Letters represented that Sembritzky was Rasli Bahari's founder and managing director. (*Id.*). The Letters stated the money would be used to design, build, and operate the first of two Kenyan desalination plants and predicted that the plants would earn hundreds of millions of dollars starting in 2019. (*Id.* at ¶¶ 23–24).

O'Kane, Synergy, and Azkarta invested in Rasli Bahari that year. (*Id.* at ¶¶ 35, 39, 47). Sembritzky told the plaintiffs to wire their payments to a bank account at BBVA Compass Bank in Houston under the name "Bounty of the Ocean," purportedly Rasli Bahari's American agent. (*Id.* at ¶¶ 33, 42, 50). O'Kane invested $877,500, Synergy invested $351,000, and Azkarta invested $175,500. (*Id.* at ¶¶ 34, 43, 51).

The plaintiffs allege that Sembritzky transferred these funds to other Compass accounts, eventually transferring the money to his and his ex-wife's personal accounts. Sembritzky allegedly used that money to purchase a luxury condominium located at 2727 Kirby Drive in Houston (the "Kirby Condominium"). (*Id.* at ¶¶ 36–38, 44–46, 52–54). According to the plaintiffs, Rasli Bahari has never attempted to build or operate any desalination plant, harvested any minerals, produced any fresh water, or engaged in operations or charitable donations. The plaintiffs also alleged that they never received any financial statements or proof of stock purchase. (*Id.* at ¶¶ 55–63).

The plaintiffs assert 26 counts against Sembritzky and other defendants, including for conversion; breach of fiduciary duty; aiding and abetting breach of fiduciary duty; defalcation; embezzlement; constructive trust; accounting; fraud; fraudulent conveyance and transfer; unjust enrichment; and federal securities violations. (*Id.* at ¶¶ 72–102). The plaintiffs also seek a declaratory judgment against Morris and Quest IRA Inc. that the plaintiffs' "right, title or interest in the Kirby Condominium is superior to and has priority over any right, title or interest that any

[IRA] Defendant might have or claim in the Kirby Condominium." (*Id.* at 37, ¶ 9). After discovery, the plaintiffs filed this partial summary judgment motion.

II.     **The Legal Standard**

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response."

*United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

"Once the moving party [meets her or his initial burden], the non-moving party must 'go beyond the pleadings and by her [or his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *LHC Grp.*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

## III. Analysis

The plaintiffs argue that they have an interest in the Kirby Condominium because Sembritzky purchased the condominium with the plaintiffs' subscription payments. (Docket Entry No. 103 at 4). They incorporate by reference the declarations of O'Kane and Matthew Huffine, a member of Synergy Source, discussing bank records showing transfers from the Bounty of the Ocean bank account to Sembritzky's personal Compass account and to the Compass account of Sembritzky's ex-wife, Goldie Rose. (*Id.* at 5–6 (citing Docket Entry No. 5-1; Docket Entry No. 102-1)). They argue that these declarations and the bank accounts referenced to show that their funds were used to purchase the Kirby Condominium. (*Id.* at 6). Based on these transfers and the purchase of the Kirby Condominium, the plaintiffs argue that they have proven both fraud and

fraudulent transfer, giving them an interest in the Kirby Condominium. (*Id.* at 6–8). Because Morris and Quest have "each admitted they have no right, title or interest in the Kirby Condominium," the plaintiffs argue they are entitled to summary judgment declaring that their interest in the Kirby Condominium is superior to, and has priority over, that of the trustees. (Docket Entry No. 103 at 8–9; *see* Docket Entry No. 103-3 at 8; Docket Entry No. 103-4 at 8).

The trustees respond that although they do not dispute that they and the plaintiffs invested in Rasli Bahari or that the money was used to purchase the Kirby Condominium, there are still genuine factual disputes material to determining whether the plaintiffs can succeed on their fraud claims against Sembritzky and Rose. (Docket Entry No. 106 at 2–3). The trustees point out that while they currently claim no right, title, or interest in the Kirby Condominium, they "would have claims to the proceeds from any sale or a claim to the Kirby Condominium" if Sembritzky has title to that property. (Docket Entry No. 106 at 3). The trustees argue that their cross-claim against Sembritzky, which alleges that he fraudulently took the money from the Rasli Bahari account for improper purposes, shows that there may be competing creditors for a judgment against him should their claims succeed. (*Id.* at 4). The trustees argue that the plaintiffs do not have a lien on the property that could establish priority simply by virtue of suing Sembritzky. (*Id.* at 4–5).

The plaintiffs rely on the trustees' failure to dispute the plaintiffs' claims against Sembritzky and Rose, and on the trustees' interrogatory responses that they do not claim any right, title, or interest in the Kirby Condominium. Although the trustees have not disputed the plaintiffs' claims, there are genuine factual disputes material to determining whether the plaintiffs have a superior interest in the Kirby Condominium. The trustees point out that under their agreement with Rose, they have not made a claim to the Kirby Condominium, which is legally titled to her. (Docket Entry No. 106 at 3). But they explain that if Sembritzky regains title, then they "would

fraudulent transfer, giving them an interest in the Kirby Condominium. (*Id.* at 6–8). Because Morris and Quest have "each admitted they have no right, title or interest in the Kirby Condominium," the plaintiffs argue they are entitled to summary judgment declaring that their interest in the Kirby Condominium is superior to, and has priority over, that of the trustees. (Docket Entry No. 103 at 8–9; *see* Docket Entry No. 103-3 at 8; Docket Entry No. 103-4 at 8).

The trustees respond that although they do not dispute that they and the plaintiffs invested in Rasli Bahari or that the money was used to purchase the Kirby Condominium, there are still genuine factual disputes material to determining whether the plaintiffs can succeed on their fraud claims against Sembritzky and Rose. (Docket Entry No. 106 at 2–3). The trustees point out that while they currently claim no right, title, or interest in the Kirby Condominium, they "would have claims to the proceeds from any sale or a claim to the Kirby Condominium" if Sembritzky has title to that property. (Docket Entry No. 106 at 3). The trustees argue that their cross-claim against Sembritzky, which alleges that he fraudulently took the money from the Rasli Bahari account for improper purposes, shows that there may be competing creditors for a judgment against him should their claims succeed. (*Id.* at 4). The trustees argue that the plaintiffs do not have a lien on the property that could establish priority simply by virtue of suing Sembritzky. (*Id.* at 4–5).

The plaintiffs rely on the trustees' failure to dispute the plaintiffs' claims against Sembritzky and Rose, and on the trustees' interrogatory responses that they do not claim any right, title, or interest in the Kirby Condominium. Although the trustees have not disputed the plaintiffs' claims, there are genuine factual disputes material to determining whether the plaintiffs have a superior interest in the Kirby Condominium. The trustees point out that under their agreement with Rose, they have not made a claim to the Kirby Condominium, which is legally titled to her. (Docket Entry No. 106 at 3). But they explain that if Sembritzky regains title, then they "would

have claims to the proceeds from any sale or a claim to the Kirby Condominium." (*Id.*). The trustees' interrogatory response stated their lack of *present* claims based on the present ownership of the condominium, but changes to that ownership could affect what claims exist and how the court must prioritize them.

The plaintiffs have not sought, let alone been granted, summary judgment on their fraud and fraudulent transfer claims against Sembritzky and Rose. These claims are part of the plaintiffs' argument that they have a legal interest in that property. Sembritzky and Rose dispute those claims. (Docket Entry Nos. 56, 70). If they succeed in resisting those claims, the plaintiffs would lack a legal interest in the Kirby Condominium, which could moot the question of whether their interest is superior to, or has priority over, the trustees' title or interest to that property. (*See, e.g.*, Docket Entry No. 70 at ¶¶ 175–80). Without resolution of these underlying issues, summary judgment on which party's interest is superior to, or has priority over, the other's interest is premature.

## IV.     Conclusion

The court denies the plaintiffs' motion for partial summary judgment on the present record, without prejudice. (Docket Entry No. 103). The plaintiffs may reurge this motion on a fuller record that resolves Sembritzky's and Rose's interests in the Kirby Condominium.

SIGNED on June 25, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge